This case was initially on the injury by accident theory, but the medical evidence did not support that claim. Plaintiff argued to the Full Commission that his job entailed substantial overhead lifting — a fact that, together with Dr. Speer's opinion, would support an occupational disease finding. However, the evidence adduced at hearing (e.g., Tr. pps. 44 and 84) clearly supports the Deputy Commissioner's findings and conclusions on this key point.
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner William C. Bost. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as
STIPULATIONS
The stipulations in the Pre-Trial Order are adopted herein by reference. The parties further stipulated that plaintiff's average weekly wage was $499.80 resulting in a compensation rate of $333.20.
* * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff was employed as a service man for defendant-employer for approximately 28 years when he last worked on May 11, 1993.
2. As a service man, his job did not change and his duties included repairing appliances (working on heaters and pilot lights), installing appliances, setting tanks, repairing gas lines, in homes and tobacco barns, which changed everyday and varied with the season. The overhead work he did involved changing a motor in a tobacco barn which could be required possibly two or three times during the "barning" season (a three month period). Plaintiff's overhead work involved work of putting in a motor only once in four years. Plaintiff did not do anything constantly, nor did his work require a lot of regular manual lifting over fifty pounds.
3. Plaintiff had experienced a previous incident to his right shoulder in 1990 which involved unloading cinder blocks.
4. Plaintiff continued to have problems with pain in his right shoulder up to the alleged incident of August 18, 1992. Plaintiff did not report this incident to the defendant-employer, and sought treatment with his treating physician at the time, Dr. Hurwitz, at a regularly scheduled appointment in September.
5. Plaintiff did not tell Mr. Jesse J. Stem, a co-employee, Ms. Denise Massengill, the office manager, Mr. Woodrow Stallings, the manager, or Mr. Thomas Betts, the secretary/treasurer, of any traumatic event.
6. Plaintiff presented Denise Massengill and Woodrow Stallings with a Form 19 stating the date of injury was 9/30/92 and the cause and how the injury occurred were unknown.
7. Later, after a doctor advised him he may have a torn rotator cuff, plaintiff searched the work orders to find one where he could possibly have hurt his left shoulder and found a work order involving the moving of a propane tank on August 18, 1992, which he then claimed was the date of this incident involving the left shoulder.
8. Dr. Speer, a shoulder specialist in orthopedic surgery at Duke University Hospital, diagnosed plaintiff as having bilateral arthritis of the acromioclavicular joint. Plaintiff was the only patient Dr. Speer had ever seen who had isolated bilateral severe arthritis of the AC joint only. Dr. Speer performed one surgery to the left shoulder and two surgeries to the right shoulder and determined that plaintiff's bilateral arthritis was not caused by one event such as lifting a 4,000 gallon tank, but felt that repeated overhead lifting at work could have contributed in large part to his problem.
9. Dr. Speer determined plaintiff had reached maximum medical improvement as of March 15, 1995, and he assigned a permanent partial impairment rating of 5% to the left shoulder and 10% to the right shoulder. Dr. Speer also released him to return to work by October, 1994.
10. Plaintiff's work activities contributed somewhat to the development of plaintiff's shoulder condition, and may have aggravated the condition; however, the expert medical evidence of record fails to show that plaintiff's employment with defendant-employer placed him at increased risk of developing bilateral shoulder impingement syndrome as compared to members of the general public not so employed.
11. Plaintiff has not returned to work for defendant-employer because he can no longer do that work because of his Parkinson's Disease. However, plaintiff has earned some wages since last working for defendant-employer, and testified to having earned $7,515.48. Plaintiff is now completely disabled and is on Social Security disability due to his Parkinson's Disease.
* * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff did not experience a lifting incident on August 18, 1992.
2. Plaintiff has failed to prove that he suffers from an occupation disease or condition that is due to causes and conditions that are characteristic of and peculiar to his employment with defendant-employer, excluding all ordinary diseases of life to which the general public is equally exposed outside said employment. N.C. Gen. Stat. § 97-53 (13).
3. Plaintiff is, therefore, not entitled to benefits pursuant to the provisions of the North Carolina Worker's Compensation Act for his bilateral arthritis of the AC joint. N.C. Gen. Stat. § 97-2.
* * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim must under the law be and is hereby DENIED.
2. Defendants shall pay the expert witnesses fees as previously ordered.
3. Each side shall pay its own costs.
* * * * * * * *
ORDER
Attorney John W. Watson's letter received on August 23, 1996 is APPROVED allowing his withdrawal in this case.
 S/ ___________________________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ _________________________ DIANNE C. SELLERS COMMISSIONER
S/ _________________________ COY M. VANCE COMMISSIONER
JRW:md